Mr. Chief Justice Cartter
delivered^ the opinion of the court.
In the case of the District of Columbia v. J. H. & E. K. Johnson, while we have come to the conclusion that this action may be maintained by the plaintiffs, we are com* polled, however reluctantly, to reverse the judgment and remand the case, that it may be tried under proper rules of evidence, and that-the province of a jury may be exercised in the administration of justice. Most of the exceptions are addressed to incidental questions arising in the course of the trial, and relate to the admissibility of evidence in one form or another, several of them strike at the plaintiff’s right to recovery, and become material in the case. One of the first of the objections taken by the defendant is that the city of Washington held no power over the leasehold or licensed estate ; that the title did not reside in the city of -.Washington, Now, if that be true, if the city never had any title to this property, it could not obligate anybody to pay rent on account of it. Whether the city had title,or not depends upon the limitations of the corporation charter. The charter gave it power to control and make disposition of public wharves, and power to regulate and police private wharves. It is claimed by counsel that this was a private wharf, and, therefore, the city of Washington had no right to make disposition of it; that its right was confined merely to police regulations. We do not think this objection well founded. The wharf in question is not a private wharf. The distinction between private and public wharves along the'river front of the city and District is determined by the title to the property. A portion of the river front was held by private individuals as a personal grant, by deed, from the Government, with the right to make such disposition of the property as was compatible with the public easement in this river, and it was with reference to that description of property, that the distinction was taken between public and private wharves. We think there is nothing in this objection.
The next objection made to the right of recovery is, that even if the city of Washington did have title, there was no *63 contract between these parties. The plaintiff makes the contract to consist of a certain ordinance transferring the occupation, under given conditions, of the wharf between Thirteenth and Fourteenth streets to J„ H. & E. K. Johnson upon their performing certain duties on their part and the payment of a thousand dollars a year rent. Here, then, was at least an attempt'to make a contract. Here was a deliberate enactment of an ordinance that, if it had effect, would transfer possession of this property for occupation from the city of Washington to the defendants. If the city had control over the wharf, they had a right to make a contract in regard to it, and we see no impropriety in its being done in this manner. Instead of granting power to the mayor to enter into an indenture of lease with the party, the common council indentured the property themselves, and if the defendants accepted possession under this written declaration of the right to do it by the city of Washington, the ordinance became the memorandum or contract between the parties, and. this will take the case out of the statute of frauds. It was only necessary for the tenant to accept the occupation upon the terms of the contract of the license, which was in writing. We think this disposes of that objection. But if it were necessary, the case furnishes the evidence of a written acceptance, according to the terms of the ordinance, under the signature and seal of the tenants. The ordinance provides that it should go into effect upon the execution on the part of the defendants, of a bond to the city of Washington in the penalty of $6,000 for the performance of the conditions of the ordinance. That bond was executed and delivered, and, thereby, wedded to the ordinance. No writteu contract could have brought the parties nearer together than they were brought by this ordinance, and the bond executed in pursuance of its requirements. But just here we have one of the difficulties which compel us to send this case back. It was objected on the trial that proof was not made, that the ordinance of December 7, 1867, was enacted by the Common Council of the city of *64 Washington, but the court ruled that the ordinance'proved itself.
Now, it is true that this is a purely technical objection, and it looks like trying the virtue of the law to pause and hesitate over it. Nevertheless, we do not see that we can do otherwise. The court cannot afford, under the light of the law, to declare that a document of this sort proves itself in virtue of itself. If that rule prevailed, it would demoralize all proof. Nor is this all; it would be setting a precedent utterly unauthorised by the law and would break up in every way the integrity of evidence. The roles of law in regard to the presenting of proof should be as faithfully guarded as any other features of the administration of justice. We think it was fatal to tolerate the presence of this ordinance as a factor in the trial, without having given it the sanction of proper proof. While there is a great deal to satisfy the mind that this was an ordinance of the city, yet we are compelled to think its admission in this manner erroneous.
Again it is claimed, that even though the city of Wash-sngton had power to lease this property, and even if they did do it, they, nevertheless, did not put the defendants into possession and that they, the defendants, acquired title from another source, the city having had notice from the defendants of that fact, and, consequently, .there is no liability to the plaintiffs for rent; if this be true, it is a good defence. It ought, therefore, to have been treated as an issue in the case, and the defendants allowed the right to show that they had never entered into occupation under the lease. The law permits that to be made an issue. While the tenant will not be allowed to dispute the landlord’s title after he has acknowledged it and entered the premises. Tet if lie has never taken possession under that title, or if the estate has uever existed which it is claimed was contracted for, the tenant may show it. The court took from the jury the testimony on this point, instead of estimating the proof and advising them as to the force of it, and though we think that the execution of the bond and the presence of these ordinances, consummated a contract between *65 Ihe parties as to the title to. this estate, and while we think and have adjudged, as far as in our- opinion it has been necessary in this case, that the title picked up from Pettibone after the initiation of this lease was unavailable to the defendants to justify the withholding of the rent, yet we think that the question was not met as it should have been. Xastly, the court took the case from the jury as to the amount to be recovered, instead of leaving the damages to be estimated by them under the proof, as was their province; and not the court’s. This is the uniform rule and practice. The court has power enough over the verdict. If a proper •one is not rendered it can be set aside until it is rendered.
Judgment reversed and case remanded for a new trial.
Mr. Justice Wylie dissented from the conclusion of the •court, saying that he thought the verdict did substantial justice between the parties.